# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Courts
Southern District of Texas
FILED
March 26, 2019
David J. Bradley, Clerk of Court

4:17-CV-722

No. 18-20450

A True Copy
Certified order issued Mar 26, 2019

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GILBERT T. LOPEZ, JR., also known as Gilbert Lopez,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

O R D E R:

Gilbert T. Lopez, Jr., federal prisoner # 99141-179, moves for a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2255 motion in which he challenged his conviction by a jury for wire fraud and conspiracy to commit wire fraud in connection with Allen Stanford's multi-billion-dollar Ponzi scheme. Lopez, who is serving concurrent 240-month sentences, contends that trial counsel rendered ineffective assistance by failing to advise him about factors relevant to his decision to proceed to trial rather than accept a possible plea offer, including the recommended sentence under the Federal Sentencing Guidelines and the strength of the Government's case. He argues that the district court erred by denying his motion without holding an evidentiary hearing on his claim.

At the COA stage, we need not decide whether Lopez will ultimately prevail but ask only whether "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). A § 2255 motion can be denied without an evidentiary hearing only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). We review the district court's decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

The district court did not address whether Lopez's three trial lawyers provided adequate advice but concluded instead that Lopez did not show a reasonable likelihood that he would have accepted a plea offer in light of his assertions of innocence. *See United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012) (discussing a claim that counsel failed to give effective advice concerning a plea bargain). To the extent the district court may have reached its decision by giving more weight to the Government's detailed affidavits than to Lopez's assertions, it may have improperly weighed the evidence and assessed credibility without a hearing. *See United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *cf. United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013) (remanding for a hearing). Reasonable jurists might therefore debate whether the record *conclusively* showed that Lopez was entitled to no relief so as to obviate a hearing. *See* § 2255(b).

Accordingly, a COA is GRANTED as to whether the district court abused its discretion by denying the § 2255 motion without a hearing on the claim of ineffective assistance of trial counsel.

No. 18-20450

*Don R. Willett*

DON R. WILLETT
UNITED STATES CIRCUIT JUDGE

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 26, 2019

Mr. David J. Bradley
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

      No. 18-20450    USA v. Gilbert Lopez, Jr.
                           USDC No. 4:17-CV-722

Dear Mr. Bradley,

Enclosed is a copy of the judgment issued as the mandate.

                                  Sincerely,

                                  LYLE W. CAYCE, Clerk

                                  By: _____
                                  Christina A. Gardner, Deputy Clerk
                                  504-310-7684

cc w/encl:
    Mr. Chris Flood
    Ms. Carmen Castillo Mitchell